[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves a motor vehicle accident which occurred in 1992, and which was settled in September, 1997, for $200,000. The plaintiff, Thomas DeLeo[1], contends that he was advised by the defendant, American Honda Finance Corporation (Honda), that $200,000 was the limit of a policy issued by Allstate Insurance Company.[2] The plaintiff further alleges that in November, 1999, he first learned that there was really $1,000,000 of liability coverage provided by Fireman's Fund Insurance Companies (Fireman's Fund) as excess umbrella coverage. The plaintiffs motion (#121) to open the judgment and to restore the case to the docket because of fraud on the part of Honda is scheduled for a hearing early next month.
On May 19, 2000, the plaintiff submitted requests to admit directed to Honda (#125), pursuant to Practice Book § 13-22. These requests asked Honda to admit, among other things, that Honda "misrepresented" that there was only $200,000 of insurance by Allstate and did not reveal the existence of $1,000,000 of excess umbrella coverage.
The requests to admit were not acted upon in a timely fashion because, as Honda's prior counsel candidly admitted, of his "inadvertence". Thus, the matters included in the requests are deemed admitted in accordance with Practice Book § 13-23. The defendant's prior counsel filed a "Motion to Withdraw and Amend Admissions" (#128), dated July 19, 2000, which was denied by this court on July 31, 2000. The purported amended answers to the request for admissions submitted by the defendant agree CT Page 11101 that failing to disclose the Fireman' Fund excess coverage in its response to interrogatories filed by the plaintiff on January 12, 1994 was "incorrect," but claim that "[t]he party who signed on behalf of American Honda Finance had no authority to execute said compliance or to make any admission on behalf of American Honda Finance or to speak for American Honda Finance."
The defendant's new counsel has now filed a motion to reargue (#132; August 21, 2000), which was discussed on August 28, 2000 during the law short calendar. The essence of this motion is found in the defendant's memorandum of August 21, 2000 (#133), which states that: "The defendant should not be punished due to the actions or omissions of prior counsel with respect to the request for admissions, and the court should liberally construe to (sic) rules of practice to permit the amended responses, thus obviating a situation not created by the defendant, but rather by its prior counsel."[3]
The plaintiff's position is summed up in these words: "Defendant's Motion to Reargue assert[s] nothing that would warrant reargument other than to improperly request a second bite at the apple." The plaintiff also contends the defendant's "entire argument revolves around pointing the finger at the lawyers who represented American Honda prior to August 3, 2000. . . . The substitution of one law firm for another law firm has no bearing on the merits of the motions filed and decided by this Court."[4]
The key to deciding whether reargument is warranted is Practice Book § 13-24(a), which provides in pertinent part as follows: "Any matter admitted under this section is conclusively established unless the judicial authority on motion permits withdrawal or amendment of the admission. The judicial authority may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admissions fails to satisfy the judicial authority that withdrawal or amendment will prejudice such party in maintaining his or her action or defense on the merits."
Thus, there are two inquiries. The first is whether the merits of the action will be addressed if the requests to admit are deemed admitted. If not, then the second issue is whether, if the moving party is allowed to file new answers, the plaintiff, in this case, will be prejudiced by the substitution or assertion of new answers. Upon further reflection, and based on a reevaluation of Practice Book § 13-24(a), the motion of the defendant to reargue is granted, as is the relief sought therein.
In the first place, there is no way that the merits of the plaintiffs motion to open this case and restore it to the docket can be reached if CT Page 11102 the requests to admit are deemed admitted because of the untimely response. The questions posed by the plaintiff go to the very heart of his motion to restore the case to the docket because, if unchanged, the defendant is admitting that it knowingly misrepresented the amount of insurance that was available. The merits of the plaintiffs claim to restore are not going to be addressed if the defendant is deemed to have conceded that it committed fraud.
Secondly, the plaintiff is not prejudiced by this ruling because he is in effect simply being put back in the position in which he was before the defendant inadvertently failed to respond to the requests to admit. The plaintiff still has to prove his case, which was his obligation until the case was handed to him on a silver platter, so to speak, by obtaining, as the result of inadvertence of counsel, an admission by the defendant of engaging in fraud. The plaintiff should have to prove such an allegation by the requisite standard of proof. The plaintiff could not have anticipated or relied on the possibility that the defendant would fail to respond to the requests to admit and thus achieve the very result that the plaintiff will have to prove in a hearing on the merits.
Therefore, the defendant's requests to admit are no longer to be considered admitted by virtue of inaction and the responses thereto filed by new counsel on August 24, 2000 are deemed operative.
At the short calendar session of August 28, 2000, the court also received a motion to quash a subpoena duces tecum served on counsel for the plaintiff, Attorney A. A. Piazza, seeking his file in this case and his presence at a hearing on the motion to open and restore to the docket, which apparently someone thought was to occur on August 28, 2000. After reviewing this motion, the subpoena duces tecum on Attorney Piazza is ordered quashed as the defendant has not presented sufficient information at this time as to why the plaintiffs own counsel should be subpoenaed to testify or to produce his file in view of the attorney-client and work product privileges.[5]
So Ordered.
Dated at Stamford, Connecticut, this 13th day of September, 2000.
William B. Lewis, Judge